RECEIVED
AUG 1 5 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MARK ANTHONY LAPOINT | CIVIL ACTION NO. 06-2239 |
| VS. | JUDGE MELANÇON |
| DOLGENCORP, INC. | MAGISTRATE JUDGE METHVIN |

### JURISDICTIONAL REVIEW RULING

Before the court is defendant's "Submission on Jurisdictional Amount,"[1] filed pursuant to this court's order of June 13, 2007, as well as the response brief filed by plaintiff,[2] and the reply brief filed by defendant.[3] Having reviewed the briefs and the exhibits thereto, I conclude that defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000 by setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

Relevant jurisdictional facts which have been included in the memorandum discuss the nature and severity of plaintiffs' injuries. Following the slip and fall in the Dollar General Store, plaintiff Mark Anthony Lapoint underwent several MRIs, a myelogram with CT scan, and a discogram. The first MRI, conducted on June 7, 2006, showed L4-5 bilateral facet arthropathy with mild narrowing of the right neural foramina, while a subsequent MRI conducted on November 27, 2006 showed right lateral disc protrusion at the L4-5 level, which caused right

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 15.

[3] Rec. Doc. 19.

2

foraminal narrowing with loss of peroneal fat plane surrounding an exiting right L4 nerve root. A nerve root conduction study also showed nerve root radicular symptoms, while a lumbar myelogram and CT scan showed right lateral disc protrusion at L4-5 with moderate right foraminal narrowing. A discogram performed on January 23, 2007 showed disc abnormalities at L3-4 and L4-5.

In March 5, 2007, plaintiff underwent back surgery, including a repair of a failed fusion done prior to the accident, as well as a fusion at L4-5. Plaintiff's medical expenses from the hospital alone are $103,998.95, while plaintiff's treating physician's bills total $33,276.35.

Plaintiff argues that this case should be remanded because, although defendant has presented summary-judgment type evidence showing that sufficient damages exist at *this* time, the defendant has failed to establish that the jurisdictional amount was satisfied *at the time of removal*. Plaintiff contends that, because all of the events concerning plaintiff's medical treatment took place after this case was removed, the jurisdictional amount cannot be satisfied.

Plaintiff's argument is not persuasive. While the court agrees that the defendant must establish the amount in controversy at the time of removal, such rule does not contemplate that all medical expenses and other damages be *incurred* as of the date the case was removed. In this case, although surgery had not been performed as of the date of removal, the injury giving rise to such surgery was present and at issue at the time of removal. Furthermore, as noted by the defendant, the state court petition includes a claim for future medical expenses, which total approximately $140,000.00 to date.

3

Considering the foregoing, the undersigned concludes that plaintiffs' claims satisfy the jurisdictional amount in this case.

Signed at Lafayette, Louisiana on August 15, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 8/15/07
BY: CW
TO: mem